CHAPMAN LAW GROUP
Summer McKeivier SBN 230605
1441 Long Lake Rd., Ste. 310
Troy, MI 48098
Telephone (248) 644-6326
Fax (248) 644-6324
smckeivier@chapmanlawgroup.com

Attorneys for Plaintiff
Dr. David Bockoff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| David Bockoff, M.D., <br><br>   Plaintiff, <br><br> vs. <br><br>**MERRICK GARLAND**, Attorney General of the United States, United States Department of Justice; **ANNE MILGRAM**, Administrator Drug Enforcement Administration, United States Department of Justice: **UNITED STATES DEPARTMENT OF JUSTICE**; and **DRUG ENFORCEMENT ADMINISTRATION**, United States Department of Justice, <br><br>   Defendant. | Case No.:  2:22-cv-9046 <br><br>**COMPLAINT** |

NOW COMES Plaintiff DAVID BOCKOFF, M.D., by and through his attorneys, Summer McKeivier, CHAPMAN LAW GROUP, and for his Complaint for Declaratory and Injunctive Relief, states as follows:

# I. INTRODUCTION

1. David Bockoff, M.D., a doctor of internal medicine, owns and operates his clinic, with a primary focus on pain management, in the West Hollywood/Beverly Hills area of Los Angeles. Dr. Bockoff started his practice in 2003 and for the last 20 years, has focused on offering pharmacological pain management to patients suffering from intractable pain. Accordingly, Bockoff has held a valid DEA registration to prescribe controlled substances, a vital part of the pharmacological pain management treatment for his patients, for over fifty (50) years.

2. On November 1, 2022, the DEA issued an Order to Show Cause and Immediate Suspension Order ("ISO") of his registration. In doing so, the DEA claims that Dr. Bockoff's DEA registration must be suspended immediately, pending the formal Order to Show Cause ("OSC") hearing, because his continued prescribing constitutes "an imminent danger to the public health or safety". Specifically, the DEA alleged that between January 2020, through June 2022, Dr. Bockoff unlawfully issued controlled substances to five (5) patients.

3. The Suspension Order stated that it was issued pursuant to 21 U.S.C. § 824(d) of the Controlled Substances Act, which allows immediate suspension of registration if there is an "imminent danger" to the public. The alleged "imminent danger" was based solely on deficiencies in the medical records obtained during the execution of a search warrant on September 14, 2021, of five (5) patients reviewed by the Government's subject matter expert; thirteen and a half months earlier.

4. Without his registration, Dr. Bockoff can no longer prescribe controlled substance medications to treat chronic and refractory pain experienced by the majority of his patients, effectively shutting Dr. Bockoff's practice down. Without a lifting of the ISO pending resolution pursuant to the administrative process, Dr. Bockoff's practice is not likely to survive long enough to ever receive a decision on the merits of Defendants' contentions.

5. Dr. Bockoff seeks, among other relief, (1) a judgment declaring the immediate suspension of his Registration, which is an informal adjudication under the Administrative Procedure Act, is arbitrary, capricious and inconsistent with law; (2) an injunction against enforcement of the ISO

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201, and 5 U.S.C. § 705, as Plaintiff seeks declaratory judgment and injunction relief against the DEA's immediate suspension of his DEA controlled substances registration under 21 U.S.C. § 824(d). *Norman Bridge Co. v. Banner*, 529 F.2d 822 (5th Cir. 1976); *Neil Laboratories, Inc. v. Ashcroft*, 217 F. Supp. 2d 80 (D.D.C. 2002); *Novelty Distribs. v. Leonhart*, 562 F. Supp. 2d 20 (D.D.C. June 17, 2008).

7. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial portion of the acts and omissions giving rise to these claims occurred and continue to occur in this judicial district.

## III. PARTIES

8. Plaintiff, David Bockoff, M.D., ("Dr. Bockoff"), is a doctor of internal medicine who owns and operates a clinic, with a primary focus on pain management, in the West Hollywood/Beverly Hills area of Los Angeles.

9. Defendant MERRICK GARLAND the Attorney General of the United States. In that position he is the highest ranking official within the Department of Justice and is vested with the statutory authority to take the actions at issue herein.

10. Defendant ANNE MILGRAM is the Administrator of the Drug Enforcement Administration who may have been delegated the Attorney General's authority in this case.

11. Defendants Department of Justice and the Drug Enforcement Administration are the federal government agencies responsible for implementing the Controlled Substances Act, 21 U.S.C. §§ 801-904 (the "Act").

//

## IV.  STATEMENT OF FACTS

### THE CONTROLLED SUBSTANCES ACT:

12. Section 301 of the Act, 21 U.S.C. § 821(a) requires, *inter alia*, all persons who distribute controlled substances to obtain from the Attorney General a registration for such distribution. Dr. Bockoff has such a registration in his own name under DEA registration number BB4591839.

13. Section 303 of the Act requires the Attorney General to register applicants to distribute controlled substances unless he determines "that the issuance of such registration is inconsistent with the public interest." 21 U.S.C. § 823(b), 823(d). The Act sets out five factors that are the only factors which may be, and must be, considered when making this determination:

> 1) maintenance of effective control against diversion of particular controlled substances into other than legitimate medical, scientific, and industrial channels;
>
> 2) compliance with applicable State and local law;
>
> 3) prior conviction record of applicant under Federal or State laws relating to the manufacture, distribution, or dispensing of such substances;
>
> 4) past experience in the distribution of controlled substances; and
>
> 5) such other factors as may be relevant to and consistent with the public health and safety.
>
> *Id.*

14. Section 304(d) of the act, 21 U.S.C. 824(d) reads in pertinent part:

> (1) The Attorney General may, in his discretion, suspend any registration simultaneously with the institution of proceedings under this section, in cases where he finds that there is **an imminent danger to the public health or safety**. A failure to comply with a standard referred to in section 303(g)(1) [21 USCS § 823(g)(1)] may be treated under this subsection as

4

grounds for immediate suspension of a registration granted under such section. A suspension under this subsection shall continue in effect until the conclusion of such proceedings, including judicial review thereof, unless sooner withdrawn by the Attorney General **or dissolved by a court of competent jurisdiction.**

(emphasis added)

### DR. BOCKOFF'S SUSPENSION:

15. Dr. Bockoff earned his Doctor of Medicine degree from Wayne State University School of Medicine in 1968 and completed his residency at St. Mary Medical Center in Long Beach, California through the University of California, Los Angeles.

16. In 2003, Dr. Bockoff opened his current practice and for the last 20 years has focused on offering pharmacological pain management to patients suffering from intractable pain.

17. Dr. Bockoff has held a valid DEA registration to prescribe controlled substances, a vital part of the pharmacological pain management treatment for his patients, for over fifty (50) years.

18. On November 1, 2022, the DEA issued an Order to Show Cause and Immediate Suspension Order ("ISO") of his registration. (**Exhibit A, Order to Cause and Immediate Suspension of Registration**)

19. The DEA claims Dr. Bockoff unlawfully issued controlled substances to five (5) patients between January 2020 and June 2022.[1]

20. Based on those allegations alone, without any hearing, proceeding, or opportunity for Dr. Bockoff to be heard, the DEA immediately suspended Dr. Bockoff's DEA controlled substances registration; claiming his continued prescribing constitutes "an imminent danger to the public health or safety". (**Exhibit A**) The ISO does not indicate which facts asserted support the finding of imminent danger.

---

[1] The ISO allegations of prescriptions issued between January 2020 and June 2022. Plaintiff believes this to be an error as no patient records were seized or provided between the September 2021 search warrant and service of the suspension on November 1, 2022.

5

21. The ISO alleges "[a]s recently as June 2022[2], you have continued to unlawfully prescribe controlled substances. Given your significant history of unlawful prescribing…your ongoing prescribing of controlled substances in violation of the standard of care poses an 'imminent danger' within the meaning of 21 U.S.C. § 824(d). No evidence or explanation, of facts and circumstances in the more than a year period, is specified as support for the finding of an imminent danger.

22. Upon information and belief, the alleged violations appear to be medical record keeping in nature. An honest review of Dr. Bockoff's practice reveals he responsibly prescribes controlled substances to address the legitimate medical needs of his patients making a genuine effort to appropriately document their medical conditions and the necessity of prescribing the same.

23. Patients with chronic and refractory pain, which comprise the majority of Dr. Bockoff's patient population, require controlled substance medications to treat their severe and intractable pain.

24. The Defendants do not allege any harm to Dr. Bockoff's patients.

25. The ISO has already caused significant economic damage to Dr. Bockoff's medical practice, and should the suspension continue, he cannot effectively treat the painful and debilitating medical conditions of his patients, forcing them to seek treatment elsewhere, effectively closing his practice indefinitely.

### V.  CAUSES OF ACTION

#### COUNT I

**Administrative Procedures Act:**
**Agency Action Arbitrary, Capricious or Inconsistent with Law**

26. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs 1–23 as if set forth fully herein.

---

[2] See Footnote 1.

27. Under the Administrative Procedure Act (APA), this Court may set aside an agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with 5 U.S.C. § 706(2)(A). *Swan View Coalition, Inc. v. Barbouletos*, 307 Fed. Appx. 49, 50 (9th Cir. 2009)

28. Defendants are agencies within the meaning of the APA.

29. The ISO, to the extent it immediately suspends Dr. Bockoff's registration, is final agency action pursuant to Section 706 of the APA, 5 U.S.C. § 706.

30. The ISO suspends Dr. Bockoff's registration based on a finding that his continued registration is inconsistent with the public interest, pursuant to 21 U.S.C. § 824(a)(4) and that based on "facts and circumstances, constitutes an imminent danger to the public."

31. Section 304(d) of the Act and 21 U.S.C. § 1301.36(e) strictly limits the Administrator's authority to suspend a registration simultaneously with the issuance of an order to show cause, and prior to a hearing of any kind, only if the Administrator has made a finding of "imminent danger to the public health or safety."

32. The ISO's finding of an "imminent danger" is an adjudication within the meaning of the APA.

33. The ISO's finding of imminent danger is based on facts some of which, as a matter of law, do not constitute a violation of the Controlled Substances Act or any other law, thus rendering the finding of an imminent danger arbitrary, capricious and inconsistent with law.

34. A review of the DEA ISO reveals allegations largely related to medical record documentation deficiencies rather than allegations of actual harm to the community. (**Exhibit A**)

35. These record-keeping deficiencies are not a sufficient basis for the DEA to immediately suspend or revoke Dr. Bockoff's controlled substances registration prior to due process afforded at a Show Cause Hearing. *See Bates Drug Stores, Inc. v. Holder*, 2011 U.S. Dist. LEXIS 52404, at *7-10 (E.D. Wash. May 6, 2011).

36. Rather, where the record fails to demonstrate the alleged dangerous consequences of improper documentation actually occurred, immediate suspension of a DEA controlled substances registration is unwarranted. *Id*.

37. A court's review of an agency's action is limited to the record before it at the time of its decision. *Beno v. Shalala*, 30 F.3d 1057, 1074 (9th Cir. 1994).

38. Here, the DEA's determination that Dr. Bockoff continuing to prescribe controlled substances poses an imminent risk to the public is arbitrary, not based on the actual facts of the case, and amounts to an abuse of discretion. *See Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962) (holding a "[c]ourt must determine whether there is a rational connection between the underlying facts and the agency's decision.")

39. Nothing in the record available to the DEA evidences any knowledge of diversion or other harmful consequences resulting from controlled substance prescriptions issued by Dr. Bockoff.

40. To the contrary, the DEA's suspension of Dr. Bockoff's DEA Registration has already caused harm to Dr. Bockoff's patients, as demonstrated by the suicide of two patients citing Dr. Bockoff's inability to prescribe the medications they relied on to function and enjoy life was too much after suffering for years unable to find a physician willing to treat them[3].

41. Moreover, the harm from such events extends well beyond just the patient. When patients take their own lives, or suffer painful and life-threatening withdrawal symptoms, this undoubtedly also harms their family, friends, and other loved ones.

42. Many of Dr. Bockoff's patients have written letters voicing the significant harm and adverse effects they are experiencing because of his inability to prescribe controlled substances. A common

---

[3] See Josh Marcus, Couple dies by suicide after DEA shuts down office of their chronic pain doctor in fentanyl panic, Independent (Dec. 1, 2022), https://www.independent.co.uk/news/world/americas/dea-fentanyl-opioid-crisis-suicid-b2236501.html

thread across all these letters is that Dr. Bockoff provided these patients excellent medical care while responsibly monitoring their opioid prescriptions.

43. Moreover, while the DEA makes a point to discuss the dosages at which Dr. Bockoff prescribed opioid medication, the Pain Patient's Bill of Rights, Ca. Health and Safety Code § 124961, and the California Intractable Pain Treatment Act § 2241.5 protect patients' rights to be treated with opioids where such doses constitute effective and legitimate medical treatment.

44. The DEA's immediate suspension of Dr. Bockoff's DEA registration without notice, is not supported by any evidence of the alleged immediate harm actually suffered as a result of Dr. Bockoff's alleged charting deficiencies.

45. Based on the foregoing facts, the ISO, to the extent it immediately suspends Dr. Bockoff's registration, is arbitrary, capricious, or inconsistent with law.

## COUNT II

### Administrative Procedures Act:
### Improper Suspension of a License

46. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs 1–43 as if set forth fully herein.

47. Dr. Bockoff holds a valid license, as that term is defined in 5 U.S.C. § 551(8), in the form of DEA Registration BB4591839.

48. 5 U.S.C. § 558(c) permits the suspension of a license "only if, before the institution of agency proceedings therefor, the licensee has been given (1) notice by the agency in writing of the facts or conduct which may warrant the action; and (2) opportunity to demonstrate or achieve compliance with all lawful requirements."

49. Section 304(c) of the Act, 21 U.S.C. § 824(c), requires that an order to show cause "shall contain a statement of the basis thereof and shall call upon the applicant or registrant to appear before the Attorney General. Proceedings to deny, revoke, or suspend shall be conducted pursuant to this

section in accordance with subchapter II [the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 551-559]."

50. The ISO did not provide "notice by the agency in writing of the facts or conduct which may warrant the action" because it was based on a "non-exhaustive summary" of facts and then only cited conclusory allegations that were nonsensical.

51. The ISO did not "contain a statement of the basis for its issuance" because, *inter alia*, it was based on a "non-exhaustive summary" of facts. Moreover, the ISO fails to specify which of the non-exhaustive summary of facts related to the finding of an alleged imminent danger.

52. The record upon which the ISO was based, if such a record even exists, lacked a reasoned basis or substantial evidence for Defendants' decision to suspend Dr. Bockoff's registration.

53. Defendants have no authority to immediately suspend a registration without prior notice or opportunity to be heard, based on paperwork and other violations that do not constitute an imminent danger to the public and that, in any case, Dr. Bockoff is working to correct.

## COUNT III

### Procedural Due Process

54. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs 1–51 as if set forth fully herein.

55. Dr. Bockoff's ability to prescribe opioid medications, as authorized by his Registration, is substantial property within the meaning of the Fifth Amendment to the United States Constitution.

56. The ISO deprives Dr. Bockoff of this property by immediately suspending his Registration.

57. The ISO violates procedural due process by failing to provide Dr. Bockoff with sufficient notice and an opportunity to be heard before issuing the ISO immediately suspending Dr. Bockoff' Registration. Defendants failed to provide sufficient notice and an opportunity to be heard by basing the ISO on a "non-

exhaustive summary" of facts and failing to inform Dr. Bockoff of any alleged imminent danger to the public.

### COUNT IV

### Declaratory Judgment

58. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs 1–55 as if set forth fully herein.

59. There is an actual controversy regarding the interpretation of the Act as it relates to Defendants' authority to suspend Dr. Bockoff's Registration based solely on an alleged documentation error, without a showing that the alleged dangerous consequences of improper documentation actually occurred.

60. Pursuant to 28 U.S.C. § 2201(a), to resolve the actual controversies regarding the interpretation and application of the Act and Defendants' authority with respect thereto, Dr. Bockoff seeks a declaratory judgment, as set forth below, with respect to the duties and obligations of the DEA under the Act.

61. The Act does not give the DEA the Authority to immediately suspend Dr. Bockoff's registration without a showing of actual harm caused by the alleged medical record documentation errors.

### COUNT V

### Injunctive relief

62. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs 1–59 as if set forth fully herein.

63. Dr. Bockoff lacks an adequate remedy at law with respect to, and will suffer irreparable harm resulting from, the immediate suspension of his registration.

64. Contemporaneous with the filing of this complaint, Dr. Bockoff is filing a motion for a temporary restraining order against the DEA's ISO, seeking to block the DEA's suspension of his controlled substances registration pending the outcome of the show cause hearing on the DEA's allegations.

65. As more fully outlined in Plaintiff's Application for Temporary Restraining Order, the four (4) factors discussed in *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008), cut in Dr. Bockoff's favor.

66. Dr. Bockoff is likely to succeed on the merits of his claim, as the letters from his patients demonstrate he was treating them for legitimate issues of chronic pain and actively and responsibly monitoring their opioid use.

67. Dr. Bockoff is likely to suffer irreparable harm to his practice from the immediate suspension of his DEA controlled substances registration, because the suspension functionally shuts down Dr. Bockoff's practice which depends on his ability to prescribe opioid pain medication to treat patients with chronic and refractory pain.

68. The balance of equities tip in Dr. Bockoff's favor because he is providing an integral service to at risk members of the community who are otherwise left to suffer painful and life-threatening withdrawal symptoms, and degradation of quality of life without Dr. Bockoff's care.

69. This risk is compounded by the emotional trauma suffered by patients when they are metaphorically "left out in the cold" when their physician's DEA controlled substances registration is suspended without warning[4].

70. Accordingly, an injunction against the suspension of Dr. Bockoff's DEA controlled substances registration serves the public interest by maintaining the status quo for a practice treating a vulnerable population. Dr. Bockoff is often the last option for many patients with severe chronic pain, and two (2) patients have already taken their lives in the little over a month since the ISO citing the doctor's registration suspension as the primary reason for such drastic action.

//

---

[4] See Josh Marcus, Couple dies by suicide after DEA shuts down office of their chronic pain doctor in fentanyl panic, Independent (Dec. 1, 2022), https://www.independent.co.uk/news/world/americas/dea-fentanyl-opioid-crisis-suicid-b2236501.html

## IV.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff DAVID BOCKOFF, M.D., respectfully requests this Honorable Court:

a. Hold unlawful and set aside the immediate suspension of Dr. Bockoff's Registration as set forth in the ISO;

b. Declare that the immediate suspension of Dr. Bockoff's Registration was arbitrary, capricious and inconsistent with law.

c. Preliminarily and permanently enjoin enforcement of the Immediate Suspension Order;

d. Award attorney's fees and costs; and

e. Award such other relief as is just.

DATED this 15th day of December 2022.

                                          CHAPMAN LAW GROUP

By: /s/ Summer McKeivier
Summer McKeivier, CA #230605
CHAPMAN LAW GROUP
1441 West Long Lake Blvd., Ste. 310
Troy, MI 48098
Telephone: (248) 644-6326
Fax: (248) 644-6324
smckeivier@chapmanlawgroup.com

Attorneys for Plaintiff
David Bockoff, M.D.